UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE GIL RAMIREZ GROUP, L.L.C.; AND GIL RAMIREZ, JR.<br><br>*Plaintiffs,*<br><br>v.<br><br>HOUSTON INDEPENDENT SCHOOL DISTRICT; LAWRENCE MARSHALL; EVA JACKSON; AND RHJ-JOC, INC.<br><br>*Defendants.* | § § § § § § § § § § § § § § § | Case. No. 4:10-CV-04872 |

### PLAINTIFF, GIL RAMIREZ GROUP, LLC'S SUPPLEMENTAL MOTION FOR CIVIL CONTEMPT AND MOTION TO COMPEL FORT BEND MECHANICAL TO RESPOND TO SUBPOENA

Plaintiff, Gil Ramirez Group, LLC, files this Supplemental Motion for Civil Contempt and Motion to Compel Fort Bend Mechanical to Respond to the Subpoena.

### Summary of Supplemental Motion

1. On October 19, Fort Bend Mechanical produced additional documents but still failed to produce all of the documents responsive to the subpoena. Plaintiff was willing to pass the Motion for Civil Contempt and Motion to Compel upon receipt of the documents responsive to the subpoena. However, now that Fort Bend Mechanical has still not produced all of the documents which are clearly responsive to the subpoena, Plaintiff maintains its request that the Court order production of the documents responsive to the subpoena, order production of the documents made available for copying but not responsive to the subpoena, and attorneys fees.

**Background Facts and Argument**

2. On October 19, Plaintiff agreed to (1) pass the Motion for Civil Contempt and Motion to Compel; and (2) not, at this time, pursue documents which were made available for copying but fell outside the scope of the subpoena. In exchange, Fort Bend Mechanical would have to promptly produce the documents responsive to the subpoena.

3. Later that day Fort Bend Mechanical produced all but one important category of documents. Fort Bend Mechanical failed to produce documents in response to Request 7: All checks, cash withdrawals or other evidence of payments made to Joyce Moss Clay, Larry Marshall or any entity associated therewith. Specifically, Fort Bend Mechanical did not produce copies of checks to Larry Marshall, Larry Marshall Campaign or any entity affiliated with him.

4. Plaintiff has seen and photographed a copy of a check for $25,000 written by David "Pete" Medford, the owner of Fort Bend Mechanical, to the Larry Marshall Campaign. However, a copy of this check has not been produced. In addition, there are at least seven other campaign checks written by either Fort Bend Mechanical or reimbursed by Fort Bend Mechanical as documented from Larry Marshall's campaign finance reports:

| Person / Company | Amount | Date | Period of Report |
|---|---|---|---|
| Fort Bend Mechanical | $2,500.00 | 06/18/08 | January 16, 2008 to July 15, 2008 |
| David Medford | $2,500.00 | 06/18/09 | January 16, 2009 to July 15, 2009 |
| Eric Medford | $2,500.00 | 06/18/09 | January 16, 2009 to July 15, 2009 |
| Sharon Medford | $2,500.00 | 06/18/09 | January 16, 2009 to July 15, 2009 |
| David Medford | $3,000.00 | 02/05/10 | January 16, 2010 to July 01, 2010 |
| Pete Medford | $5,000.00 | 06/24/10 | January 16, 2010 to July 01, 2010 |

| Person / Company | Amount | Date | Period of Report |
|---|---|---|---|
| David Medford | $2,500.00 | 06/16/11 | January 15, 2011 to July 15, 2011 |
| | $20,500.00 | | Exhibits 23-27 |

    In addition, there may be additional checks made payable to Larry Marshall or his campaign which were in the files but not documented on Larry Marshall's campaign finance report.

5.     During the document inspection, Plaintiff marked for copying a collection of yellow folders which contained receipts for expenses of the owner, owner's family members and employees paid out of their own pocket and submitted to Fort Bend Mechanical for reimbursement. One of those folders contained a copy of a check for $25,000 to the Larry Marshall Campaign. Plaintiff believes that there were other checks to Larry Marshall or his campaign in the yellow folders. Given that it was the end of a long day in a hot warehouse and Fort Bend Mechanical had already offered all of the boxes to Plaintiff for copying, Plaintiff simply marked all of the yellow folders for copying so that later the documents could be carefully examined. Now, Fort Bend Mechanical is withholding those folders from Plaintiff. If the folders contain checks to Larry Marshall, his campaign or any entity affiliated with him, then Plaintiff is entitled to the documents under the subpoena.

6.     In light of the ongoing struggle to make Fort Bend Mechanical respond fully to the subpoena, the failure to object to the subpoena, and the affirmative offer to make all of

the "150 to 200" boxes available for copying[1], Plaintiff should not be forced to wait for Responses to Request for Production after Fort Bend Mechanical has answered the suit and been served with discovery to obtain the documents. Plaintiff requests the Court to order Fort Bend Mechanical to produce all documents marked for copying now regardless of whether the documents are responsive to the subpoena.

## Prayer

For these reasons, Plaintiff prays that the Court order Fort Bend Mechanical to produce documents responsive to subpoena request 7, produce all other documents marked for copying, pay $1375 in attorneys fees, and for all other relief to which it is entitled.

Respectfully submitted,

BRAZIL & DUNN

By: /s/ Kelly G. Prather
Chad W. Dunn – TBN 24036507
Fed. I.D. No. 33467
K. Scott Brazil – TBN 02934050
Fed. I.D. No. 2585
4201 FM 1960 West, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
E-Mail: chad@brazilanddunn.com
E-Mail: scott@brazilanddunn.com

---

[1] Had Plaintiff undertaken to copy all of the boxes of documents as originally offered by Fort Bend Mechanical or had a copy service pick-up, on the day of the inspection, the eleven boxes set aside for copying then there would not be a Motion for Civil Contempt and Motion to Compel pending. Plaintiff would have the documents. Now Fort Bend Mechanical wants to withhold the documents previously offered for copying.

                                             THE GREENWOOD PRATHER
LAW FIRM
Kelly Greenwood Prather
S.D. TX. No 21829
State Bar No. 00796670
1300 McGowen Street
Houston, Texas 77004
(713) 333-3200 telephone
(713) 621-1449 facsimile
E-Mail:  kgreenwood@midtownlegal.com
ATTORNEYS FOR PLAINTIFFS

### Certificate of Service

      I certify that a true copy of Plaintiff, The Gil Ramirez Group, LLC's Supplemental Motion for Civil Contempt and Motion to Compel Fort Bend Mechanical to Respond to Subpoena Duces Tecum was served as set forth below in accordance with the Federal Rules of Civil Procedure on this the 24th day of October, 2011.

Mr. Arturo G. Michel                        *Via Electronic Case Filing*
Mr. John M. Hopkins
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
(713) 554-6760 – Telephone
(713) 583-9928 - Facsimile

Mr. Michael Stanley                          *Via Electronic Case Filing*
Stanley, Frank & Rose
7026 Old Katy Road
Suite 259
Houston, Texas 77024
(713) 980-4381 - Telephone
(713) 980-1179 - Facsimile

Mr. Mike McGann                                *Via Facsimile 281-530-5480*
Attorney at Law
2211 Norfolk, Suite 400
Houston, Texas 77098

(713) 521-2743 - Telephone
(281) 530-5480 - Facsimile

                                                     /s/ Kelly G. Prather
                                                    Kelly Greenwood Prather

### Supplemental Certificate of Conference

I certify that I conferred with Mike McGann, attorney for Fort Bend Mechanical, on October 19 regarding the Motion for Civil Contempt and Motion to Compel. He said he would get the documents which were responsive to the subpoena that day. I agreed that once all of the documents responsive to the subpoena were in my hand, I would pass the motion. That afternoon he brought me all of the documents responsive to the subpoena except copies of checks to Larry Marshall or his campaign. On October 21, he telephoned me that he would not be able to get me a copy of the check to Larry Marshall or his campaign before the deadline to respond to the motion. I would not agree to pass on the motion until I had those documents.

                                                   /s/ Kelly G. Prather
                                                  Kelly Greenwood Prather