# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| THE GIL RAMIREZ GROUP, LLC, et.al, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-4872 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | JURY |
| DISTRICT, et.al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## JOINT PROPOSED JURY CHARGE

Plaintiffs The Gil Ramirez Group, LLC and Gil Ramirez and Defendants RHJ-JOC, Inc. and Eva Jackson, and Defendants David "Pete" Medford, and Fort Bend Mechanical (collectively, "the Parties") jointly file this Proposed Jury Charge.

By submitting this Proposed Jury Charge, the Parties jointly acknowledge and agree that they: (1) do not waive their arguments that they should prevail on all or some issues as a matter of law; (2) do not admit liability or waive any of their defenses or arguments; (3) reserve all evidentiary and legal sufficiency objections for the time of trial; and (4) reserve the right to modify the proposed instructions, questions, and objections contained in this Proposed Jury Charge to conform with the law and the evidence submitted in this case.

## PROPOSED INSTRUCTION NO. 1 - PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the

testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements. [1]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[1] United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 1.1 (2006).

## PROPOSED INSTRUCTION NO. 2 - CLOSING INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that

you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take these instructions with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless

otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations. [2]


Given as requested:          _____

Refused:                          _____

Modified as noted, and given:     _____

Dated:                            _____

_____

[2] United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 3.1 (2006).

## PROPOSED INSTRUCTION NO. 3 -
## INSTRUCTIONS ON PARTIES AND OTHER DEFINED TERMS

For the purposes of this Jury Charge, the following terms shall have the meanings given:

(a)     "**Plaintiffs**" collectively means Plaintiffs The Gil Ramirez Group, LLC and Gil Ramirez.

(b)     "**Defendants**" means, collectively, Defendants RHJ-JOC, Inc. and Eva Jackson and Defendants David "Pete" Medford, and Fort Bend Mechanical.

Given as requested:          _____

Refused:                          _____

Modified as noted, and given:     _____

Dated:                            _____

## <u>PROPOSED INSTRUCTION NO. 4 - DUTY TO DELIBERATE</u>

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[3]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[3]   United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 2.11 (2006).

## PROPOSED INSTRUCTION NO. 5 - BIAS – CORPORATE PARTY INVOLVED

Do not let bias, prejudice, or sympathy play any part in your deliberations. All parties, whether individuals or companies, are equal before the law and must be treated as equals in a court of justice.[4]

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[4]   United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 2.13 (2006).

**PROPOSED INSTRUCTION NO. 6 - COMPENSATORY DAMAGES**

If you find that the Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole— that is, to compensate Plaintiffs for the damage that Plaintiffs have suffered.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by one or more of the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[5]

---

[5] United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 15.2 (2006).

### PROPOSED INSTRUCTION NO. 7 - EXEMPLARY/PUNITIVE DAMAGES

You also may award punitive damages, if Plaintiffs have proved that the Defendants acted with malice or willfulness or with callous and reckless indifference to Plaintiffs' rights. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish the Defendants for shocking conduct, and to deter them and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendants' misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of Defendants in fixing the amount of punitive damages and you may impose punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.[6]

---

[6]  United States Court of Appeals, Fifth Judicial Circuit, Pattern Jury Instructions, Civil Cases, Instruction No. 15.13 (2006).

## PROPOSED QUESTION NO. 1.1 – TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP

**Do you find, by a preponderance of the evidence, that RHJ-JOC, Inc. knowingly or intentionally interfered with Plaintiffs' prospective business relations with the Houston Independent School District?**

You are instructed that to establish interference with these business relations, Plaintiffs must prove, by a preponderance of the evidence, that:

(1)     there was a reasonable probability that Plaintiffs would have entered into or continued a business relationship with the Houston Independent School District;

(2)     RHJ-JOC, Inc. engaged in an independently unlawful act;

(3)     RHJ-JOC, Inc. did such act with a conscious desire to prevent the relationship from occurring or continuing, or RHJ-JOC, Inc. knew that such interference was certain or substantially certain to occur as a result of the unlawful act; and

(4)     Plaintiffs suffered actual damage or loss.[7]

**Answer "Yes" or "No."**

_____

---

Given as requested:          _____

Refused:          _____

Modified as noted, and given:          _____

Dated:          _____

---

[7]   TEX. PATTERN JURY CHARGE §106.1 and 106.2; *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.--Houston [14th Dist.] 2001, pet. denied); *see Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 715 (Tex. 2001).

If your answer to Question 1.1 is "Yes" then answer the following question, otherwise do not answer the following question.

**PROPOSED QUESTION NO. 1.2 – LEGAL JUSTIFICATION FOR INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP**

**Do you find, by a preponderance of the evidence, that RHJ-JOC, Inc. was legally justified in interfering with Plaintiffs' prospective business relations with the Houston Independent School District?**

You are instructed that to establish interference with these business relations RHJ-JOC, Inc. must prove by a preponderance of the evidence, that:

(1)   the interference with Plaintiffs' business relations was done in a bona fide exercise of its own rights; or

(2)   RHJ-JOC, Inc. had an equal or superior right in the JOC contracts to that of the Plaintiffs.[8]

**Answer "Yes" or "No."**

_____

---

Given as requested:          _____

Refused:                              _____

Modified as noted, and given:      _____

Dated:                                _____

---

[8]   *Sterner v. Marathon Oil Co*., 767 S.W.2d 686, 690 (Tex.1989); *Exxon Corp. v. Alsup*, 808 S.W.2d 648, 659 (Tex. App.—Corpus Christi 1991, writ denied)

**PROPOSED QUESTION NO. 1.3 – TORTIOUS INTERFERENCE WITH A
PROSPECTIVE BUSINESS RELATIONSHIP**

      **Do you find, by a preponderance of the evidence, that Eva Jackson knowingly or
intentionally interfered with Plaintiffs' prospective business relations with the Houston
Independent School District?**

      You are instructed that to establish interference with these business relations, Plaintiffs
must prove, by a preponderance of the evidence, that:

     (1)    there was a reasonable probability that Plaintiffs would have entered into or
continued a business relationship with the Houston Independent School District;

     (2)    Eva Jackson engaged in an independently unlawful act;

     (3)    Eva Jackson did such act with a conscious desire to prevent the relationship from
occurring or continuing, or Eva Jackson knew that such interference was certain
or substantially certain to occur as a result of the unlawful act; and

     (4)    Plaintiffs suffered actual damage or loss.[9]

**Answer "Yes" or "No."**

_____

---

Given as requested:     _____

Refused:     _____

Modified as noted, and given:     _____

Dated:     _____

---

[9]  TEX. PATTERN JURY CHARGE §106.1 and 106.2; *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.--
Houston [14th Dist.] 2001, pet. denied); *see Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 715 (Tex. 2001).

If your answer to Question 1.3 is "Yes" then answer the following question, otherwise do not answer the following question.

### PROPOSED QUESTION NO. 1.4 – LEGAL JUSTIFICATION FOR INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP

**Do you find, by a preponderance of the evidence, that RHJ-JOC, Inc. was legally justified in interfering with Plaintiffs' prospective business relations with the Houston Independent School District?**

You are instructed that to establish interference with these business relations Eva Jackson must prove by a preponderance of the evidence, that the interference with Plaintiffs' business relations, that:

    (1)    the interference with Plaintiffs' business relations was done in a bona fide exercise of her own rights; or

    (2)    Eva Jackson had an equal or superior right in the JOC contracts to that of the Plaintiffs.[10]

**Answer "Yes" or "No."**

_____

---

Given as requested:     _____

Refused:     _____

Modified as noted, and given:     _____

Dated:     _____

---

[10] *Sterner v. Marathon Oil Co*., 767 S.W.2d 686, 690 (Tex.1989); *Exxon Corp. v. Alsup*, 808 S.W.2d 648, 659 (Tex. App.—Corpus Christi 1991, writ denied)

If your answer to Question 1.1 is "Yes and your answer to Question 1.2 is "Yes" then answer the following question, otherwise do not answer the following question.

**PROPOSED QUESTION NO. 1.5 -
TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, proximately caused by RHJ-JOC's interference?**

You are instructed that, in determining the amount of damages, if any, to be awarded for the interference with Plaintiffs' prospective business relations, you may consider the following elements of damages:

- profits that Plaintiffs lost as a natural, probable, and foreseeable consequence of the interference with the business relation

Do not add any amount for interest on the damages.  In answering questions about damages, answer each question separately.  Do not increase or reduce the amount in one answer because of the instructions regarding, or your answers to, any other questions about damages.  Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[11]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.[12]

**Answer in dollars and cents:**

$_____

Given as requested:                       _____

Refused:                       _____

Modified as noted, and given:                       _____

Dated:                       _____

---

[11]   TEX. PATTERN JURY CHARGE §§ 115.4, 115.22; *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 660 (Tex. App.—Corpus Christi 1991, writ denied); *see also Southwestern Bell Telephone Co. v. John Carlo Texas, Inc.*, 843 S.W.2d 470 (Tex. 1992); RESTATEMENT (SECOND) OF TORTS § 774A (1979).

[12]   TEX. PATTERN JURY CHARGE §100.12

If your answer to Question 1.3 is "Yes and your answer to Question 1.4 is "Yes" then answer the following question, otherwise do not answer the following question.

**PROPOSED QUESTION NO. 1.6 -
TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

**What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, proximately caused by Eva Jackson's interference?**

You are instructed that, in determining the amount of damages, if any, to be awarded for the interference with Plaintiffs' prospective business relations, you may consider the following elements of damages:

- profits that Plaintiffs lost as a natural, probable, and foreseeable consequence of the interference with the business relation

Do not add any amount for interest on the damages. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions regarding, or your answers to, any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[13]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[14]

**Answer in dollars and cents:**

**$_____**

Given as requested:             _____

Refused:                        _____

Modified as noted, and given:   _____

Dated:                          _____

---

[13]   Tex. Pattern Jury Charge §§ 115.4, 115.22; *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 660 (Tex. App.—Corpus Christi 1991, writ denied); *see also Southwestern Bell Telephone Co. v. John Carlo Texas, Inc.*, 843 S.W.2d 470 (Tex. 1992); Restatement (Second) of Torts § 774A (1979).

[14]   Tex. Pattern Jury Charge §100.12

Answer the following question only if you unanimously answered "Yes" to Question 1.1 and "No" to Question 1.2.  Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous, you may answer "No" to any part of the following question only upon a vote of ten or more jurors.  Otherwise, you must not anser that part of the following question.

## PROPOSED QUESTION NO. 2.1 - EXEMPLARY DAMAGES

Do you find by clear and convincing evidence that the harm to the Gil Ramirez Group, LLC resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produced a firm belief or conviction of the truth of the allegations sought to established.

"Malice" means a specific intent by RHJ-JOC, Inc. to cause substantial injury or harm to the Gil Ramirez Group, LLC.[15]

**Answer "Yes" or "No."**

_____

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

[15] TEX. PATTERN JURY CHARGE §§ 105.1, 105.2

Answer the following question only if you unanimously answered "Yes" to Question 1.3 and "No" to Question 1.4.  Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous, you may answer "No" to any part of the following question only upon a vote of ten or more jurors.  Otherwise, you must not anser that part of the following question.

## PROPOSED QUESTION NO. 2.2 - EXEMPLARY DAMAGES

Do you find by clear and convincing evidence that the harm to the Gil Ramirez Group, LLC resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produced a firm belief or conviction of the truth of the allegations sought to established.

"Malice" means a specific intent by Eva Jackson to cause substantial injury or harm to the Gil Ramirez Group, LLC.[16]

**Answer "Yes" or "No."**

_____

Given as requested:          _____

Refused:                     _____

Modified as noted, and given:  _____

Dated:                       _____

---

[16] TEX. PATTERN JURY CHARGE §§ 105.1, 105.2

Answer the following question regarding RHJ-JOC, Inc. only if you unanimously answered "Yes" to Question 2.1 regarding RHJ-JOC, Inc.  Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

## <u>PROPOSED QUESTION NO. 2.3 - EXEMPLARY DAMAGES</u>

**What sum of money, if paid now in cash, should be assessed against RHJ-JOC, Inc. and awarded to Gil Ramirez Group, LLC as exemplary damages, if any, for the conduct found in response to Question No. 2.1?**

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to be considered in awarding exemplary damages, if any, are:

(1)     the nature of the wrong;

(2)     the character of the conduct involved;

(3)     the degree of culpability of the Defendant;

(4)     the situation and sensibilities of the parties concerned;

(5)     the extent to which the alleged conduct offends a public sense of justice and propriety; and

(6)     the net worth of the Defendant.[17]

**Answer in dollars and cents:**

**$_____**

_____

Given as requested:          _____

Refused:          _____

Modified as noted, and given:          _____

Dated:          _____

_____

[17]   Tex. Pattern Jury Charge § 115.37.

Answer the following question regarding Eva Jackson only if you unanimously answered "Yes" to Question 2.2 regarding Eva Jackson.  Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

## <u>PROPOSED QUESTION NO. 2.4 - EXEMPLARY DAMAGES</u>

**What sum of money, if paid now in cash, should be assessed against Eva Jackson and awarded to Gil Ramirez Group, LLC as exemplary damages, if any, for the conduct found in response to Question No. 2.2?**

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to be considered in awarding exemplary damages, if any, are:

(1)     the nature of the wrong;

(2)     the character of the conduct involved;

(3)     the degree of culpability of the Defendant;

(4)     the situation and sensibilities of the parties concerned;

(5)     the extent to which the alleged conduct offends a public sense of justice and propriety; and

(6)     the net worth of the Defendant.[18]

**Answer in dollars and cents:**

**$_____**

---

Given as requested:                    _____

Refused:                    _____

Modified as noted, and given:                    _____

Dated:                    _____

---

[18]  TEX. PATTERN JURY CHARGE § 115.37.

Submitted the _____ day of _____, 2013 at _____ o'clock __.m.


_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____