UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE GIL RAMIREZ GROUP, LLC, *et al.*, | § § § |
| Plaintiffs, | § § |
| v. | §   Case No. 4:10-cv-4872 |
| | § |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § |
| Defendants. | § § |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant Houston Independent School District's ("HISD") Motion for Attorneys' Fees and Costs ("HISD's Motion"; Doc. No. 324), and Defendants Lawrence Marshall and Marshall and Associates's ("M Associates") (collectively, "the Marshall Defendants") Motion for Attorney's Fees ("Marshall's Motion"; Doc. No. 325).[1] Having considered the parties' arguments, the record in this case, and the applicable law, the Court is persuaded that an award of attorney's fees is not appropriate in this case. Accordingly, the Court **DENIES** both HISD's and Marshall's Motions.

**I.   BACKGROUND**

The Court has set forth the factual background of this case in detail in its previous decisions on both motions to dismiss and for summary judgment; the Court incorporates that factual background here and will only repeat it as necessary. (*See* Doc. Nos. 179, 229, 305, 310.) Plaintiffs The Gil Ramirez Group ("GRG") and Gil Ramirez, Jr. brought this suit against HISD,

---

[1] Defendant Joyce Moss-Clay d/b/a JM Clay and Associates has filed a document entitled "Joinder of Defendants Lawrence Marshall and Marshall and Associates' Motion for Attorney's Fees." (Doc. No. 326.) The Court will treat Ms. Clay's filing as a notice of her intent to join Marshall's Motion.

1

Mr. Marshall, Ms. Clay, two construction businesses, RHJ-JOC ("RHJ") and Fort Bend Mechanical, Ltd. ("FBM"), and their owners. GRG is a commercial construction and repair business founded and principally owned by Mr. Ramirez. GRG, RHJ, and FBM compete for construction contracts from HISD. Mr. Marshall is an HISD trustee and Ms. Clay is a business associate of Mr. Marshall's. The claims in this lawsuit arise out of alleged bribery and corruption in the awarding of some of HISD's construction and repair contracts. After resolving two motions to dismiss, this Court granted summary judgment on all of the remaining claims. (Doc. Nos. 179, 229, 305, 310.) Plaintiffs then filed notice of their appeal of the Court's summary judgment decision. (Doc. Nos. 311, 320.) The pending motions, seeking attorney's fees under 42 U.S.C. § 1988, Texas Education Code § 11.161, and the Court's inherent authority, followed.

## II. LEGAL STANDARDS

### A. The Court's Inherent Authority

This Court has certain implied powers to "'manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). One of these implied powers is the "ability to fashion an appropriate sanction"—such as the imposition of attorney's fees—"for conduct which abuses the judicial process." *Id.* at 44-45. However, courts must exercise this inherent power with "restraint and discretion." *Id.* at 44. Pursuant to this inherent authority, the Court "may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45-46 (quoting *Aleyska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). Indeed, in the Fifth Circuit, "[i]n order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the

attorney acted in bad faith." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (internal quotations omitted).

### B. 42 U.S.C. § 1988

A federal court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" of actions seeking to vindicate civil rights. 42 U.S.C. § 1988. "This section was enacted, in large part, to assure effective access to the judicial process for persons with civil rights grievances; such policy considerations are generally absent for prevailing civil rights defendants." *Vanderhoff v. Pacheco*, 344 F. App'x 22, 28 (5th Cir. 2009) (citing *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001)). Thus, while prevailing plaintiffs are generally awarded attorney's fees in all but special circumstances, prevailing defendants are entitled to attorney's fees under Section 1988 "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Dean*, 240 F.3d at 508 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999). This "stringent" standard for awarding attorney's fees to defendants "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir. 2000) (citation omitted).

In the Fifth Circuit, the reasonableness of a plaintiff's claims must be assessed as of the time of filing suit. *See Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986). Courts may consider the following factors in determining whether a civil rights action is frivolous: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle;

3

and (3) whether the court dismissed the case or held a full trial. *Myers*, 211 F.3d at 292. Importantly, the dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. *See id.* at 293. "'When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not entitled to attorney's fees.'" *Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 617 (E.D. La. 1998) (quoting *Broussard v. Bd. of Trs. for State Colls. and Univs.*, No. 92-0581, 1995 WL 683858, at *1 (E.D. La. Nov. 14, 1995)). Finally, the Court is mindful that awarding attorney's fees to defendants when plaintiffs' claims are merely unsuccessful would have a "chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1.

### C. Texas Education Code § 11.161

In addition to any authorization supplied by federal law, Texas state law authorizes independent school districts and their officers to recover attorney's fees in certain circumstances. The Texas Education Code provides:

> In a civil suit brought under state law, against an independent school district or an officer of an independent school district acting under color of office, the court may award costs and reasonable attorney's fees if:
>
>> (1) the court finds that the suit is frivolous, unreasonable, and without foundation; and
>>
>> (2) the suit is dismissed or judgment is for the defendant.

Tex. Educ. Code § 11.161. The decision to award attorney's fees under § 11.161 is discretionary. *See Davison v. Plano Indep. Sch. Dist.*, No. 05-12-01308-CV, 2014 WL 1018212, at *8 (Tex. App.—Dallas Feb. 20, 2014, no pet.); *Sossamon v. Cleburne Indep. Sch. Dist. Bd. of Trs.*, No. 10-08-00355-CV, 2010 WL 199883, at *11 (Tex. App.—Waco Jan. 20, 2010, no pet.); *Kessling*

*v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist] 2009, pet. denied); *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 350 (Tex. App.—San Antonio 2006, pet. denied). Clearly, the statute's second requirement has been met; the Court has already entered judgment for Defendants. (Doc. No. 316.)

### III.   ANALYSIS

Common to all three sources of law cited by Defendants is the requirement that, before this Court can award attorney's fees to Defendants, it must make some determination that Plaintiffs' suit was "frivolous," "without foundation," brought in "bad faith," or some such similar standard. In this case, the Court simply cannot make such a determination under any of the applicable standards. Indeed, the Court cannot say that Plaintiffs' suit was anything other than a creative and arguably meritorious action brought in good faith, so the Court declines to award attorney's fees to Defendants.

This case was heavily litigated for three years. Plaintiffs' claims survived two motions to dismiss, and though the remaining claims were all dismissed at summary judgment, the parties required hundreds of pages of briefing and literally boxes upon boxes of admissible evidence in order to make out their respective cases. The Court used over fifty pages in two separate summary judgment decisions to resolve the many thorny legal and factual issues involved; the Court readily admits that some were close calls. This is not the stuff of frivolous, unreasonable, or groundless claims. Certainly, some of Plaintiffs' claims were stronger than others, but even the weakest fail to meet the strict standards for an award of attorney's fees.[2]

---

[2] The Court believes that the factors outlined in *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) are not entirely germane here. In *Myers*, the Fifth Circuit explained that "[c]ourts may consider the following factors in determining whether a civil rights action is frivolous: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial." *Id.* at 292. Clearly, the Court

5

Defendants contend that all of Plaintiffs' claims unambiguously lacked any merit whatsoever, and, had Plaintiffs but done more investigation, they would have discovered this. Even if that were true, "[l]ack of merit does not equate to frivolity, etc., according to the admittedly asymmetrical reasoning that underlies courts' reluctance to shift fees against civil rights plaintiffs." *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 515 F. App'x 288, 289 (5th Cir. 2013) (affirming denial of attorney's fees even though "the trial court earlier explained that many of these claims did not have 'arguable merit or otherwise warrant discussion.'"). Although the Court determined that Plaintiffs' First and Fourteenth Amendment claims could not withstand summary judgment, those claims, while perhaps analytically flawed, were not frivolous. Plaintiffs' RICO Act claims, though legally flimsy, were not so deficient as to fairly be called baseless. Lastly, Plaintiffs presented good faith – but ultimately unsuccessful – arguments for why their state law claims were valid. Nor is the Court persuaded that Plaintiffs brought this action for any improper purpose; quite the contrary, exposing public corruption is to be commended. On the record before it, the Court simply cannot say that Plaintiffs' claims meet any of the rigorous standards for the imposition of attorney's fees.

For these reasons, Defendants' motions are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the fifteenth day of August, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

has not held a full trial in this case, and one will not be forthcoming. The Court is not aware of any of the parties' settlement discussions. Thus, the Court has confined its review to the merits of Plaintiffs' claims.