United States District Court
Southern District of Texas
**ENTERED**
September 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE GIL RAMIREZ GROUP, LLC, *et al*, § § Plaintiffs, § VS. § § HOUSTON INDEPENDENT SCHOOL § DISTRICT, *et al*, § § Defendants. § § | CIVIL ACTION NO. 4:10-CV-04872 |

## MEMORANDUM & ORDER

Defendants Lawrence Marshall and Marshall & Associates (collectively, "Marshall") have filed a Re-Urged Motion to Exclude Expert Witness Testimony of Kenneth Wilson (Doc. No. 370) and a Re-Urged Motion to Exclude Expert Witness Testimony of Ransom Cornish (Doc. No. 349). After considering the Motions, the responses thereto, and the applicable law, the Court finds and holds that Marshall's Motion to Exclude Expert Witness Testimony of Kenneth Wilson should be granted in part and denied in part, and that Marshall's Motion to Exclude Expert Witness Testimony of Ransom Cornish should be denied.

**I.    BACKGROUND**

This case involves allegations of bribery and corruption in the award of construction contracts by the Houston Independent School District (the "District"). Plaintiff Gil Ramirez Group, LLC and Gil Ramirez, Jr. (collectively, "GRG") is a contractor who, over the years, has done substantial business with the District. GRG pled claims for relief under the Racketeer Influenced Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1961-1968 ("RICO"), as well as under state law. Defendants originally included the District, as well as former District trustee Lawrence Marshall and other individuals and businesses involved with the District (collectively,

1

the "non-District Defendants"). All Defendants have consistently denied each of Plaintiff's allegations.

The Court previously entered judgment in favor of the District and the non-District Defendants. GRG appealed and the Court of Appeals affirmed in part, and reversed and remanded in part. The District is no longer a Defendant, and some of the claims against the non-District Defendants were dismissed. However, the Court of Appeals reinstated GRG's claims against the non-District Defendants for RICO, tortious interference, and civil conspiracy.

GRG alleges that Marshall solicited and accepted bribes in his role as District trustee, thus corrupting the District's Job Order Contract ("JOC") program. GRG claims that, as a consequence of Marshall's actions, it was deprived of job assignments it otherwise would have received. GRG has offered testimony and reports by expert witnesses Kenneth Wilson and Ransom Cornish to explain the functioning of Marshall's alleged bribery scheme and to estimate GRG's lost profits due to Marshall's corruption of the JOC program. (Doc. Nos. 358; 373.)

Marshall seeks to exclude Mr. Wilson's and Mr. Cornish's testimony and reports. Marshall argues that Mr. Wilson's testimony is inadmissible because it is "offered solely for the purpose of providing legal guidance" (Doc. No. 370 at 4) and Mr. Cornish's because his opinions are "unreliable, conclusory, speculative, and lack factual support" (Doc. No. 349 at 1).

## II. LEGAL STANDARD

> A witness qualified as an expert may give an opinion or other expert testimony if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "[C]ourts are charged with a 'gatekeeping

role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.,* 550 F.3d 1356, 1360 (Fed. Cir. 2008).

The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is reliable. *See Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 385 (5th Cir. 2009). The district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire,* 526 U.S. at 152. The court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004).

In making its reliability determination, the court should not decide the validity of the expert's conclusions, but should instead consider the soundness of the general principles or reasoning on which the expert relies and the propriety of the methodology that applies those principles to the facts of the case. *See Daubert,* 509 U.S. at 594–95; *Paz,* 555 F.3d at 388. In *Daubert,* the Supreme Court provided several nonexclusive factors to guide courts in evaluating the reliability of a methodology. Those factors include whether the theory can be and has been tested; whether the theory has been subjected to peer review and publication; the theory's known or potential rate of error; the existence and maintenance of standards and controls; and whether the theory is generally accepted. 509 U.S. at 593–94. "Where an expert otherwise reliably utilizes scientific methods to reach a conclusion, lack of textual support may go to the weight, not the admissibility of the expert's testimony." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007).

## III. DISCUSSION

### A. KENNETH WILSON

Kenneth Wilson is a forensic investigative expert, a Certified Fraud examiner, a private investor, and the former Coordinator of Criminal Profiteering Investigations for the Criminal Profiteering Division on the Washington State Office of the Attorney General. (Doc. No. 373 at 3.) According to GRG, Mr. Wilson has "experience tracing monies and determining the legitimacy of money."[1] (Doc. No. 373 at 3.) Mr. Wilson's report explains his examination of Marshall's conduct and his determinations that Marshall participated in an enterprise that included racketeering activity. (Doc. No. 265, Attachments 221-226.)

Marshall moves to exclude Mr. Wilson's testimony and report because they are "offered solely for the purpose of providing legal guidance." (Doc. No. 370 at 4.) Marshall cites several paragraphs from the introduction of Mr. Wilson's report, which include findings that Marshall's conduct amounts to violations of federal statutes. (Doc. No. 370 at 2-3.) Marshall contends that Mr. Wilson's report is testimony as to the law, and thus inadmissible. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). GRG rightly points out that Marshall quotes only the introduction of Mr. Wilson's report and does not address the subsequent "inferences and deductions from the facts and evidence in the record." (Doc. No. 373 at 5.) GRG anticipates that at trial Mr. Wilson will assist the jury in piecing together evidence and comparing the facts in this case to other bribery and laundering schemes. (Doc. No. 373 at 4-6.) Marshall counters that Mr. Wilson's inferences do not explain the mechanics of any scheme, but instead provide an "overarching opinion." (Doc. No. 377 at 3.)

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R.

---

[1] The Court will require further explanation at trial, perhaps outside of the presence of the jury, as to Mr. Wilson's experience in "determining the legitimacy of money."

4

Evid. 704. The relevant inquiry remains whether the opinion will assist the trier of fact. *See Daubert*, 509 U.S. at 592. An expert witness' testimony may be "admissible because it was introduced to help the jury understand methods of operation unique" to a business and the significance of a series of transactions. *United States v. Wilson*, 355 F.3d 358, 362 (5th Cir. 2003). Mr. Wilson's anticipated testimony—which examines withdrawals, transfers and deposits of funds, and links such conduct to patterns in a bribery scheme—may reasonably assist a trier of fact in understanding the alleged scheme. Mr. Wilson will be permitted to testify before the jury as to the facts and inferences in his report.

The Court agrees with Marshall that the conclusions of law that Mr. Wilson reaches in the report are inadmissible. "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact" in understanding the evidence or determining a fact at issue. *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997). Although Mr. Wilson may piece together facts at trial, his report includes conclusions about the legality of Marshall's conduct that should be left to the jury. *See Owen* 698 F.2d at 240. Mr. Wilson will thus be allowed to testify, but his report will be excluded from consideration by the jury.

### B. RANSOM CORNISH

Ransom Cornish is GRG's damages expert. (Doc. No. 358 at 1.) GRG plans to use Mr. Cornish's testimony to synthesize records of payments and activities in the District's job assignment system, and to estimate GRG's lost profits for the purpose of calculating damages. (Doc. No. 358 at 4.) Mr. Cornish's testimony includes a 39-page report and dozens of schedules and exhibits, in which he analyzes GRG's bids, contracts, and actual and expected costs and profits. (Doc. No. 212, Attachments 10-30.) His objective appears to be to show the monies GRG would have received from projects that would have been awarded to GRG, but for Marshall's

corrupt involvement.

Marshall asks the Court to exclude Mr. Cornish's testimony on the grounds that "his opinions are unreliable, conclusory, speculative, and lack factual support." (Doc. No. 349 at 1.) Marshall argues that Mr. Cornish's testimony: (1) is unnecessary because a jury could make the same observations, once presented with the same evidence; (2) is based on factual and arithmetic errors and problematic assumptions about the number of contracts that GRG would have been awarded; and (3) expresses legal conclusions without independently investigating GRG's allegations. (Doc. No. 349.)

GRG responds that Mr. Cornish's testimony will assist the trier of fact by streamlining "voluminous documents," explaining the mechanics of the bribery scheme, estimating financial harm to GRG, and calling into question an audit report in the record. (Doc. No. 358 at 4-5.) The Court finds that Mr. Cornish's 39-page report relies on more than simple arithmetic and common sense. The Court agrees with GRG that Mr. Cornish's testimony will allow GRG to present its case more succinctly than submitting the entire record to the jury and will assist the jury in understanding the evidence.

Marshall's concerns about Mr. Cornish's data and assumptions may be addressed on cross examination. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact. . . . When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury." *Milward v. Acuity Specialty Prod. Grp., Inc.*, 639 F.3d 11, 22 (1st Cir. 2011); *see also United States v. Alvarez*, 458 F.2d 1343, 1344 (5th Cir. 1972) ("credibility and weight of expert opinion testimony are for the trier of the facts"). Mr. Cornish's testimony is thus admissible.

Marshall objects to Mr. Cornish's report on the basis that it expresses legal conclusions. The Federal Rules of Evidence do not permit an "expert to render conclusions of law." *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996). Should Marshall identify and object to specific comments in Mr. Cornish's report that are legal conclusions, the Court will consider striking them from the report or prohibiting them from testimony at trial. However, the court will not exclude Mr. Cornish's entire testimony or report based on Marshall's allegations that Mr. Cornish incorporates legal opinions into his analysis.

I.  **CONCLUSION**

For the foregoing reasons, Marhsall's Re-Urged Motion to Exclude Expert Witness Testimony of Kenneth Wilson (Doc. No. 370) is **GRANTED IN PART** and Marshall's Re-Urged Motion to Exclude Expert Witness Testimony of Ransom Cornish (Doc. No. 348) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this 13th day of September, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE