IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE GIL RAMIREZ GROUP, L.L.C. and GIL RAMIREZ, JR., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION 4:10-CV-04872 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, LAWRENCE MARSHALL, EVA JACKSON and RHJ-JOC, INC., | § § § § § | JURY REQUESTED |
| Defendants. | § | |

**MEMORANDUM & ORDER ON PLAINTIFF'S MOTION TO ENTER JUDGMENT**

Before the Court is Plaintiff Gil Ramirez Group, LLC's Motion to Enter Judgment ("Plaintiff's Motion"). (Doc. No. 484.) After considering the motion, response, replies thereto, and the applicable law, the Court finds that it must defer ruling on Plaintiff's Motion.

**I.   BACKGROUND**

This case involves allegations of bribery and corruption in the award of construction contracts by the Houston Independent School District ("HISD"). The facts of the case are familiar to the parties and need not be recited in full. The Court will discuss only the background relevant to the entry of final judgment.

On October 24, 2016, the Court called this case to trial and empaneled a jury. On November 16, 2016, the jury rendered a verdict against Defendants Lawrence Marshall, Marshall and Associates, David "Pete" Medford, Fort Bend Mechanical, Ltd., FBM Management, LLC, Eva Jackson, RHJ-JOC, Inc., Joyce Moss Clay, and JM Clay and Associates (collectively, "Defendants"). The jury found all Defendants liable for (1) tortious interference with a prospective business relationship and (2) claims under the Racketeer Influence and Corrupt

1

Organizations Act (RICO), 18 U.S.C. §§ 1962(C) and 1962(D). The jury also awarded exemplary damages. (Jury Charge and Verdict, Doc. No. 480.)

The Court held a status conference with the parties on December 1, 2016. The Court instructed the parties to confer and submit a proposed final judgment. According to Plaintiff, Plaintiff attempted to discuss the election of remedies and form of the judgment with Defendants and did not receive a response. Plaintiff then filed its Motion and a proposed final judgment on December 8, 2016. Defendant Lawrence Marshall ("Mr. Marshall") filed a timely response to Plaintiff's Motion (in addition to voicing a general objection to any entry of judgment against Mr. Marshall), and the parties have subsequently submitted other writings. Plaintiff complains of Mr. Marshall's failure to raise questions about and objections to the judgment when Plaintiff initially reached out to Defendants. (Doc. No. 490 at 2.) Although the Court strongly prefers that parties attempt to resolve disputes between themselves before resorting to resolution from the Court, the Court will consider the merits of the parties' arguments.

## II.   ANALYSIS

### A.  Election of remedies

The jury awarded compensatory and exemplary damages for Plaintiff's claim of tortious interference with a prospective business relationship, and compensatory damages under the RICO claims. (Doc. No. 80.) "When a plaintiff prevails on both federal and Texas state law causes of action for the same injury, federal courts apply Texas's one satisfaction rule, which requires the prevailing party to elect between the alternative claims for purposes of recovery." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016); *see also See Aero Prod. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006).

Plaintiff has elected compensatory damages under the tortious interference claim. Plaintiff also seeks punitive damages for tortious interference, the trebled portion of RICO damages (subtracting the actual damage amount), and attorney's fees and costs under RICO. Plaintiff argues its proposed judgment does not result in double recovery because it seeks actual damages under only one claim: tortious interference. According to Plaintiff, neither the punitive damages nor RICO treble damages—awarded as additional remedial measures—are duplicative. (Doc. No. 490 at 2.) Plaintiff's interpretation is impermissible under Texas law.

When analyzing election of remedies questions, the Fifth Circuit is concerned not only with duplicative damages but also with "mixing and matching" of damage elements arising under different claims. Litigants "cannot cut and paste elements of relief arising from different theories of recovery." *Quest Med., Inc. v. Apprill*, 90 F.3d 1080, 1093–94 (5th Cir. 1996). In *Quest*, the court held that the prevailing party could not tack an exemplary damages award based on common-law fraud to an actual damages award under the Texas Securities Act. *Id.* More telling, the Fifth Circuit has stricken the attorney's fees of a prevailing party because the claim that the party had elected for the actual damages award did not provide for fees. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 335–36 (5th Cir. 2008). Even though the party had prevailed on two theories, one of which allowed recovery of attorney's fees, the Court of Appeals permitted an award under only one theory. *Id.*

In this case, Plaintiff seeks a combination of elements of relief from different claims, similar to the amalgamation of awards previously rejected by the Fifth Circuit. Plaintiff may not obtain an award that incorporates elements from both a tortious interference theory and RICO, even if those elements appear non-duplicative. Plaintiff must elect one claim for relief on which to recover, and that claim governs the full scope of the award.

**B. Statutory limit on damages against Defendant Marshall**

Mr. Marshall contends his personal liability is capped by statue statute at $100,000. He cites the Texas Education Code §22.515:

> The liability of a professional employee of a school district or of an individual that is entitled to any immunity and other protections afforded under the Paul D. Coverdell Teacher Protection Act of 2001 (20 U.S.C. Section 6731 et seq.), as amended, for an act incident to or within the scope of duties of the employee's position of employment may not exceed $100,000.

Members of the board of trustees of HISD are considered professional employees under the Texas Education Code. Tex. Edu. Code §22.051(5). But §22.515 does not apply to Mr. Marshall because his conduct was not incident to or within the scope of duties of his position as a trustee. The Fifth Circuit has already found that Mr. Marshall "is not alleged to have been acting 'within the scope' of his duties. To the contrary, bribery and peddling influence are not within the scope of a trustee's duty. He was allegedly defiling his position and wholly outside the legitimate scope of a trustee's duties if he accepted bribes in exchange for advancing the interests of certain contractors." *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 417 (5th Cir. 2015). More succinctly, the Court of Appeals held that "Marshall is not entitled to immunity under the TTCA [Texas Tort Claims Act] or the Education Code." *Id.*

The jury's finding that Mr. Marshall committed an official act is compatible with a finding that his conduct exceeded the scope of his duties as a trustee. The charge to the jury did not require a finding that Mr. Marshall acted within the scope of his duties. To find that Mr. Marshall engaged in an official act, the jury needed to determine that he engaged in a "decision or action on a question, matter, cause, suit, proceeding or controversy" involving "a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee." (Doc. No. 480 at 13.) Mr.

4

Marshall could have exercised his governmental power and also exceeded the scope of his duties. As the Fifth Circuit held, accepting bribes in exchange for advancing specific interests extends beyond Mr. Marshall's position as a trustee. The jury found not only that Mr. Marshall engaged in an official act, but also that his conduct was tortious or unlawful. (Doc. No. 480 at 12, 27-28.) Such tortious or unlawful conduct extends beyond Mr. Marshall's duties as a trustee. The Texas Education Code §22.515 therefore does not limit damages against Mr. Marshall.

### III.  CONCLUSION

Plaintiff is entitled to damages, as the jury found all Defendants liable for multiple claims for relief. Plaintiff must elect under which theory of recovery it wishes to collect damages—either the tortious interference or RICO. The Court **ORDERS** Plaintiff to elect remedies under only one claim for relief, consistent with the analysis above, within ten (10) days of this Order. Plaintiff's Motion for Entry of Judgment is hereby **DEFERRED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 18th of January, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE